UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEXAS EASTERN TRANSMISSION, LP,** | **CIVIL ACTION NO.  2:22-cv-367** |
| **PLAINTIFF,** | |
| VS | **SECTION _____** |
| **GULF OYSTERS V, INC., LESSEE OF STATE LEASE NOS. 31733-07 AND 31734-07,** | **JUDGE _____** |
| **DEFENDANT.** | **MAGISTRATE JUDGE _____** |

### TEXAS EASTERN TRANSMISSION LP'S
### COMPLAINT FOR CONDEMNATION OF LEASE RIGHTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff Texas Eastern Transmission, LP ("Texas Eastern") and files this Complaint for Condemnation of Lease Rights pursuant to Rule 71.1 of the Federal Rules of Civil Procedure for an order of condemnation of lease rights, as described herein.  In support of it Complaint, Texas Eastern submits as follows:

#### JURISDICTION, VENUE, AND TEXAS EASTERN'S CONDEMNATION AUTHORITY

1. Texas Eastern is a natural gas company as that term is defined by the Natural Gas Act, 15 U.S.C. § 717, *et seq.*, engaged in the transmission of natural gas in interstate commerce and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").  *See* 15 U.S.C. § 717(a)(6).  Texas Eastern is a Delaware limited partnership with its principal place of business in the State of Texas.  Texas Eastern's general partner is Spectra Energy Transmission Services, LLC, and its limited partner is Spectra Energy Transmission Resources, LLC.  The ultimate sole owner of both partners is Enbridge Inc., a publicly-traded corporation.  Texas Eastern is registered to do business in the State of Louisiana.

2. Texas Eastern is in the business of transporting natural gas via interstate pipelines. Pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Power Commission (FERC's regulatory predecessor) on December 19, 1963 (the "Certificate"),[1] Texas Eastern constructed and operates and maintains the pipeline at issue in this action. That pipeline is part of Texas Eastern's pipeline network that extends from south Texas and offshore Gulf of Mexico to markets in the northeastern United States, including New York and New Jersey. Texas Eastern's network is made up of more than 8,000 miles of pipe with a peak day transmission capacity of 13.05 billion cubic feet per day, as well as approximately 74 billion cubic feet of natural gas storage.

3. This is a civil action for the taking of property interests pursuant to the power of eminent domain and for the determination and award of just compensation to the named Defendant. The authority for Texas Eastern's taking, as well as the basis for this Court's jurisdiction, can be found in the Natural Gas Act, specifically 15 U.S.C. § 717f(h). Because this action arises under the laws of the United States, this Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

4. Texas Eastern has satisfied all requirements to initiate this action as required by 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. The property interests at issue are leases with the State of Louisiana held by Defendant for certain state water bottoms for purposes of cultivating and harvesting oysters. The particular leases at issue are located near Lafitte, Louisiana, in Jefferson Parish, which is located within the Eastern District of Louisiana. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391.

---

[1] The Certificate is attached hereto as Exhibit 1.

**BACKGROUND**

5.    Texas Eastern's transmission system includes a 36-inch offshore natural gas pipeline partly located near Lafitte, Louisiana, in Bayou Dosgris (designated and described herein as "Line 40").  Surveys conducted after recent hurricane activity revealed a segment of exposed and suspended pipe that required remediation in this area.  Pursuant to its authority under the Certificate, Texas Eastern performed the necessary measures to ensure pipeline safety and integrity.  The remediation project involved accessing and then armoring the pipeline by installing sand bags, aggregate and rip rap as support and cover.  These measures were essential for pipeline safety and integrity, thus extending the life of the pipeline, providing a countermeasure to corrosion and erosion, and covering, supporting and protecting the pipeline.

6.    Upon information and belief, Defendant holds two State water bottom leases for oyster bedding in Bayou Dosgris—State Lease No. 31733-07 and No. 31734-07 (the "Oyster Leases").[2]  While the Line 40 work did not occur within the Oyster Leases, some of the adjoining temporary workspace extended over a small portion of one of them, and the approved access route to the work area crossed both.

7.    Given the location of Line 40, Texas Eastern engaged contractors that operate barges and tug boats to carry equipment and materials to the site of the work.  Defendant contends that Texas Eastern's work interfered with its rights under the Oyster Leases and resulted in increased oyster mortality rates and destruction of the water bottoms.  Consequently, Defendant claims that Texas Eastern's actions deprived it of leasehold rights under the Oyster Leases, and that it has suffered a variety of damages, including lost oysters, diminution in the value of the leasehold interests, and future expenses necessary to restore and/or replace the natural resources

---

[2] Defendant's information and lease interests are set forth more specifically in Exhibit 2.

necessary to provide an environment conducive to oyster farming. Texas Eastern understands that Defendant's claimed damages are in excess of the jurisdictional amount of $3,000.[3]

8. Texas Eastern communicated with Defendant both before and after December 2021 when the Line 40 work was done. Texas Eastern attempted to conduct pre- and post-work surveys, but Defendant refused to permit Texas Eastern and its contractors to assess the condition of the Oyster Leases. Rather than communicate with Texas Eastern regarding its damage claims, Defendant filed a lawsuit in state court in Jefferson Parish, alleging various forms of negligence.

### PROPERTY INTERESTS TO BE CONDEMNED

9. Defendant named herein is the party that has or claims an interest in the Oyster Leases. The interests being condemned do not constitute a permanent taking of property (leasehold) rights. Instead, Texas Eastern seeks to condemn and compensate Defendant for any temporary taking that resulted from Texas Eastern's work on Line 40, as well as any damages resulting from that work. Specifically, Texas Eastern seeks an order from this Court confirming its right to condemn the lease rights for the purposes of accessing, maintaining, and operating Line 40 for the interstate transportation of natural gas.

10. Texas Eastern attempted to engage Defendant in an effort to acquire these temporary rights by agreement. However, Texas Eastern has been unable to reach an agreement with Defendant, as evidenced by Defendant's preemptive action of filing a claim in state court.

11. Texas Eastern's pipeline network is well within the public's interest and necessity, which is confirmed by the Certificate. Texas Eastern primarily transports natural gas from production areas in south Texas, Louisiana, and the Gulf of Mexico to markets along its route traversing from the southern to northeastern United States. In addition, Texas Eastern connects

---

[3] "[T]he United States district courts shall only have jurisdiction of cases where the amounts claimed by the owner of the property to be condemned exceeds $3,000." 15 U.S.C. § 717f(h).

with other major pipelines, such as the Southeast Supply Header and East Tennessee Natural Gas, linking critical production areas to markets located in Florida, Virginia, and North Carolina. Natural gas supplies fuel for electric generation facilities, as well as gas to meet peak-day demands. The Federal Power Commission recognized the significant need when it granted the Certificate, and Texas Eastern's decades of continuous operations validate the public's need.

## REQUESTED RELIEF

12. In accordance with 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1, Texas Eastern seeks an order from this Court declaring that the Certificate grants Texas Eastern the substantive right to exercise eminent domain over and condemn Defendant's property rights as outlined herein.

13. In addition, Texas Eastern further requests that the Court render a determination as to the amount of just compensation for the condemnation of the property rights condemned.

## PRAYER

Upon consideration of this matter, Texas Eastern requests that this Court enter an Order containing the following determinations:

A. Declaring that the Certificate grants Texas Eastern the substantive right to exercise eminent domain over and condemn Defendant's property rights, as discussed herein;

B. Rendering a judgment setting the amount of compensation owed to Defendant for the taking of the rights described herein;

C. Confirming that upon payment of the amount of compensation set forth in the Order, the rights requested herein shall be condemned; and

D. Such other and further orders as this Court deems necessary and proper.

                                 RESPECTFULLY SUBMITTED,

                                 **JONES WALKER LLP**

                                 */s/Michael B. Donald*
                                 MICHAEL B. DONALD (La. Bar No. 16891)
                                 811 Main Street, Suite 2900
                                 Houston, Texas 77002
                                 Telephone No.: (713) 437-1800
                                 Facsimile No.:  (713) 437-1810
                                 Email:  mdonald@joneswalker.com

                                 ***Attorneys for Texas Eastern Transmission, LP***